**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MEDICAL LIABILITY MUTUAL**                                              **PLAINTIFF**
**INSURANCE COMPANY**

**V.**                       **No.  4:05-CV-01845 GTE**

**R.E. CATLETT & ASSOCIATES, INC.;
CATLETT HEALTH CARE MANAGEMENT, LLC;
and THE PLAZA HEALTH CARE CENTER, INC.
d/b/a LAKEWOOD PLAZA CENTER**                         **DEFENDANTS**

**ORDER DENYING MOTION FOR RECONSIDERATION
AND PERMISSIVE JOINDER OF CHARLENE BATTLES**

Before the Court are two motions filed by Defendants, both of which relate to their continued effort to make Charlene Battles ("Ms. Battles"), the plaintiff in a pending tort action in state court, a party to this declaratory judgment insurance coverage dispute, either as a necessary party under Fed. R. Civ. P. 19(a) or as a permissive party under Fed. R. Civ. P. 20(a). Specifically, Defendants have filed a Motion to File Third-Party Complaint naming Ms. Battles as a Third-party Defendant. Defendants have also filed a Motion for Reconsideration challenging the Court's prior decision holding that Ms. Battles is not a necessary party to this action within the meaning of Fed. R. Civ. P. Rule 19(a). Plaintiff has responded to both motions. For the reasons stated below, the Court concludes that both of Defendants' motions must be denied.

1

**BACKGROUND**

The case before this Court is an insurance coverage dispute. It arises from a declaratory judgment action filed by Plaintiff Medical Liability Mutual Insurance Company ("MLMIC") on December 2, 2005, seeking a determination that there is no coverage under three policies issued to Defendant R. E. Catlett & Associates in connection with certain tort claims raised by Ms. Battles. Ms. Battles filed her tort action on July 28, 2005; that action is presently pending in Pulaski County Circuit Court.[1] All of the named Defendants in this action are also named Defendants in the tort case.

The impetus for Defendants' Motion to Reconsider is this Court's Order of January 26, 2006. Therein, the Court rejected Defendants' contention that Ms. Battles is a necessary party within the meaning of Fed. R. Civ. P. 19(a) to dispute over insurance coverage. As the Court noted:

> The issues in this lawsuit are issues of contract between MLMIC and the Defendants. Ms. Battles is not a party to, nor an insured under, the insurance contracts before this Court. Ms. Battles' "interest" in the outcome of this litigation is purely one of convenience or a financial interest in having a fund from which to collect a potential judgment, assuming one is rendered in the Underlying Lawsuit.

(Order, Doc. No. 11, at p. 3).

Defendants contend that this decision was in error and move the Court to reconsider its decision and to dismiss the present action.[2] Additionally, and alternatively, Defendants have

---

[1] Ms. Battles represents the Estate of Gladys E. Hudson, deceased. Prior to her death, Ms. Hudson resided at Lakewood Plaza Nursing Center. Ms. Battles contends that Ms. Hudson's death was caused by inadequate care and treatment for which Defendants are legally responsible.

[2] It does not appear that dismissal would be appropriate even if Ms. Battles were a necessary party. Instead, she could be added as a party, since her addition would not destroy

2

moved to file a Third-Party Complaint pursuant to Fed. R. Civ. P. 14(a) and (2) to add Ms. Battles as a Third-Party Plaintiff.

## DISCUSSION

The Court will take up and consider each motion separately.

### A.     **Defendants' Motion to Reconsider**

Joinder determinations in the insurance claim context "defy generalization" and must be made on a case-by-case basis.  Wright, Miller, Kane, Federal Practice and Procedure, Civil 3d § 1619.  As the Supreme Court recognized in *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968), on which Defendants rely, "[w]hether a person is 'indispensable,' . . . can only be determined in the context of particular litigation." *Id*. at 118.

Defendants cite concerns about the resolution of factual issues regarding when their allegedly tortious conduct occurred and how such resolution might affect the coverage dispute in this action.  Indeed, it appears that this case is likely to involve a determination of when the actions giving rise to the tort claim occurred and whether such actions will qualify as "continuing torts" to bring them within the applicable limitations period.  The Court is not convinced, however, that the possibility of overlapping factual issues in the two cases requires Ms. Battles' joinder.

MLMIC contends that the three insurance policies in question are occurrence policies under which coverage exists only for incidents occurring while the policies were in force.  The Complaint indicates that the two relevant coverage periods are August 1, 1999 to August 1, 2000 (for two policies) and August 1, 2000 to August 1, 2001 (for the third policy).  (Complaint at ¶¶

---

diversity jurisdiction.

21, 24, & 30). Ms. Hudson, the decedent represented by Ms. Battles, died in December 2004. Thus, Ms. Hudson's death occurred more than four years after two of the policies expired and more than three years after the third policy expired. Ms. Battles filed the state law tort action on July 28, 2005. MLMIC, citing both the three year statute of limitations applicable to wrongful death actions based on negligence and the two year statute of limitations applicable to wrongful death actions due to medical injury, contends that Ms. Battles' state court recovery, if any, will be limited to negligence or injuries occurring on or after July 28, 2002 or July 28, 2001. Under MLMIC's theory, none of the claims asserted in the underlying tort lawsuit can possibly trigger coverage under the policies at issue here.

In order to fully litigate the factual issues related to when the tort action accrued, Defendants contend, Ms. Battles must be made a party to this declaratory judgment action. According to Defendants, Ms. Battles alleges in the state court action that "certain of the defendants engaged in conduct beginning in approximately year 2000 which resulted in and culminated in the untimely death of the underlying state court plaintiff's decedent." (Defs.' Br. at p. 1, Docket No. 13). Defendants argue that since MLMIC's coverage defense is based upon the assertion that the policies were not in effect when the acts giving rise to tort liability occurred that the factual determination that the tort was a "continuous course of action" – as alleged by Ms. Battles in the tort case – is essential to the Defendants' coverage defense in this case. This argument is predicated on the assumption that this is the proper forum to resolve such issues.[3]

---

[3] Likewise, Defendant's concerns regarding collateral estoppel assume that this Court would resolve such issues prior to the state court doing so. In this regard, it is interesting to consider the dichotomy between Defendants' likely position in the state court action and the federal court action. Defendants would likely be arguing in the federal court action that their negligent acts or omissions, if any, occurred in 1999, 2000, or 2001 and are sufficient to warrant

If this issue is to be necessarily decided in the state court action (and assuming such resolution is necessary to resolve the coverage dispute here), then would not the proper course of action be to stay this action pending resolution of this issue by the state court?  As a state court noted in considering a similar issue, "'[t]he majority of the most recent cases . . . have held that a declaratory judgment should not be entered if it depends on the resolution of factual disputes that are at issue in the underlying suit." *Morris v. Farmers Insurance Exchange*, 771 P.2d 1206, (Sup. Ct. Wyoming 1989)(citations omitted).  The Court concludes that this declaratory judgment action should be resolved without permitting a "dress rehearsal" of an issue that should properly be resolved in the first instance in the pending tort action.

The Court offers its preliminary view of how this declaratory judgment action should be resolved strictly in the context of determining the joinder issues presented here and not as a final determination of whether the coverage issues here must await a final determination of certain issues in the tort action.  That issue remains for a later day.  At this time, however, the Court stands by its prior determination that Ms. Battles is not a necessary party to this declaratory judgment action.  Defendants' motion for reconsideration is denied.

### B.     Motion for Leave to File Third-Party Complaint

Defendants' proposed Third-Party Complaint contains a total of three paragraphs and reads in pertinent part:

---

application of the continuous treatment doctrine as an alternative to the normal accrual rules.  In the state court action, Defendants will likely contend the opposite, in an effort to limit their liability.  This dichotomy is further reason to have any bona fide disputes over application of the continuous treatment doctrine resolved in the state court litigation before proceeding with this action.  This declaratory judgment action, after all, is the cart and not the horse.

> 2. Plaintiff seeks a declaration of rights and liabilities and [asserts] that Plaintiff is not liable under the policies as the applicable statute of limitations had run prior to commencement of the third-party Defendant's state court action against these Defendants.
>
> 3. Insofar as Plaintiff seeks a determination of rights, liabilities, and responsibilities of Plaintiff and Defendant herein as to the subject insurance policies, and **the third-party Defendant has made claim against the Defendants under the subject insurance policies**, Defendants seek to add third-party Defendants as parties herein for purposes of full adjudication of all issues concerning the subject insurance policies, collectability of the same, duty of defense, duty of indemnity, and applicable statute of limitations as to third-party Defendant's claims against these Defendants.

(Exhibit 2 to Def.'s motion, Doc. No. 12)(emphasis added).

Defendants erroneously assert that Ms. Battles "has made claim against the Defendants under the subject insurance policies." In fact, the validity of Ms. Battles' tort claims against the Defendants is in no way contingent upon whether coverage for the acts giving rise to such claims exists under the subject insurance policies. And once again, for the reasons already stated, the Court disagrees with Defendants' suggestion that this is the appropriate forum to resolve all "issues relative to the applicable statute of limitations and insurance coverage, or lack thereof." (Def.'s br., Doc. No. 13 at p. 2).

In opposing the motion, Plaintiff MLMIC contends that the Federal Rules of Civil Procedure relied upon by Defendants – Rule 14(a) and 20(a) – are inapplicable here. MLMIC points out that Rule 14(a) is inapt because Defendants' loss of this lawsuit would not result in a judgment against Defendants for which Ms. Battles could be held wholly or partially liable. With regard to Rule 20(a), MLMIC argues that there is no right to relief asserted against Ms. Battles and therefore no basis for permissive joinder. *See Mosley v. General Motors Corp.*, 497

F.2d 1330, 1333 (8th Cir. 1974). The Court agrees with Plaintiff that the circumstances of this case do not appear to trigger permissive joinder under either of the rules cited by Defendants.

Moreover, even if permissive joinder were proper, the Court would exercise its discretion to deny joinder. Permissive joinder's purpose:

> is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. . . . Further, the court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.

Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1652 at 395-96.

The addition of Ms. Battles as a party here will not expedite resolution of this case and is unlikely to prevent multiple lawsuits, but it has great potential for additional expense and delay.

The Court concludes at this point that permissive joinder is not warranted under the present facts and circumstances. As this case progresses, the Court will not hesitate to revisit any joinder issues should it appear appropriate to do so.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Reconsider (Docket No. 17) and Motion for Leave to File Third-Party Complaint (Docket No. 12) be, and they are hereby, DENIED.

IT IS SO ORDERED this   15th   day of March, 2006.

　　　　　　　　　　　　　　　　　　　　  /s/Garnett Thomas Eisele  
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE