**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**MEDICAL LIABILITY MUTUAL
INSURANCE COMPANY**                                                                 **PLAINTIFF**

V.                               CASE No. 4-05-CV-1845 GTE

**R.E. CATLETT & ASSOCIATES, INC.;
CATLETT HEALTH CARE MANAGEMENT, LLC;
AND THE PLAZA HEALTH CARE CENTER, INC.
d/b/a LAKEWOOD PLAZA NURSING CENTER**                   **DEFENDANTS**

**AGREED PROTECTIVE ORDER**

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

IN SUPPORT OF THIS ORDER, THE COURT FINDS THAT:

1. Documents or information containing medical information relating to third parties not before the Court in this action may bear on the parties' claims and defenses in this action and are likely to be disclosed or produced during the course of discovery in this case.

2. For good cause shown, the Court finds that entry of this Protective Order is warranted to protect the respective interests of the parties and third parties not before the Court and to facilitate the progress of disclosure and discovery in this case.

IT IS THEREFORE ORDERED THAT:

3. The documents described in Exhibit 1 to this Order shall be considered and treated as protected documents and their use shall be subject to the terms of this Order. From time to time, during the course of this litigation, additional documents may be ordered to be

added to the list of protected documents following agreed motion of the parties or following motion of a party after hearing of objections, if any, of any other party.

4. Any document produced subject to this Order will be clearly marked as being "Subject to Protective Order."

5. Counsel for the parties will use protected documents and information contained therein solely for the purpose of this action. Counsel for the parties may produce the protected documents described in Exhibit 1 to this Order to counsel for any party to this action. Counsel for the parties will not, without the producing party's prior written consent, make protected documents or information contained therein available to any person other than the Court or counsel for the parties, except as otherwise provided herein. "Counsel for the parties" is defined to mean counsel retained by any party to this action including attorneys, legal assistants, and other persons regularly employed by counsel, which individual "counsel" have a need to know the protected information by reason of their active participation in the representation of a party to this action.

6. Subject to the provisions of this Order, counsel for the parties may disclose protected documents and information contained therein to the following persons ("Qualified Persons"): Plaintiff's employees or corporate representatives, Defendants' employees or corporate representatives, any person reasonably anticipated to be a witness in this proceeding, and experts, accountants, or consultants retained to assist said party's counsel in this action.

7. Counsel who receive protected documents and information are responsible for employing reasonable measures to control access to and duplication and distribution of protected information. Counsel who receive protected documents and information are responsible for timely advising the parties and Qualified Persons to whom such protected documents and

information are disclosed of this Order precluding disclosure and use of protected information outside this litigation as well as potential contempt penalties and/or tort liability resulting from a violation of the Court's Order.

8. In the event that a party wishes to use a protected document or any information derived therefrom in connection with a deposition taken in this action, that portion of the deposition in which the protected information is discussed will be taken with no one present except the witness, his or her counsel, the parties to this action, counsel for the parties, the reporter reporting the deposition, or other Qualified Persons who are permitted to have access to the protected information pursuant to this Order. Counsel for the party producing a protected document shall make reasonable efforts to raise the issue of the use of protected document(s) or information therefrom at the time of such use. Additionally, counsel for the party producing the so used protected document(s) or information derived therefrom shall have seven days from the date of receipt of the transcript of any such deposition to raise the issue of the use of a protected document(s) or information therefrom. The portion of transcript of such deposition designated by counsel for the producing party as containing discussion of a protected document(s) or information therefrom shall be separated from the rest of the transcript and placed in a sealed envelope and subsequently treated as a protected document under this Order. Counsel for any party objecting to protected treatment of a redacted portion of a deposition shall have the right by motion to the Court to challenge the protected designation. Redacted portions of deposition transcripts and deposition exhibits which are protected documents under this Order will not be furnished by the court reporter to any person other than the witness, his counsel, or counsel for the parties hereto. If protected documents are filed with the Court, they will be filed under seal and maintained under seal by the Court. Nothing herein shall preclude a party from otherwise

objecting to the attendance of any non-party at such deposition.

9. On or before the date that final judgment is entered, counsel for the parties to whom protected documents have been produced are to file affidavits from all parties and Qualified Persons to whom protected information has been disclosed stating that the person has read this Order and understands it, that the person has been informed of potential penalties and liabilities resulting from violation of the Order, and that the person will abide by the Order. Within thirty (30) days after the entry of final judgment in this action, all parties to whom protected documents have been supplied shall return the protected documents to the producing party or provide notice to counsel for the producing party of the destruction of the protected documents. The parties' counsel shall, within that same time period, destroy all notes, summaries, digests, or synopses of such protected documents and shall promptly notify counsel for the producing party of such destruction.

10. Arrangements for the use of protected documents, depositions, exhibits, or information derived from protected documents at the trial of this action will be subject to order of the Court.

11. The actions of the parties in proceeding under the provisions of this Order shall not be deemed as a waiver of any objections the parties may have to the use of admissibility of the protected documents in this or any other action.

IT IS SO ORDERED this 11th day of September, 2006

/s/ G Thomas Eisele\_
G. Thomas Eisele
United States District Judge

APPROVED:

/s/ Georgia Robinette
Beth Deere, Ark. Bar No. 86050
Georgia Robinette, Ark. Bar No. 98226
Williams & Anderson PLC
111 Center Street, 22nd Floor
Little Rock, Arkansas 72201

*Attorneys for Plaintiff*


/s/ Edward T. Oglesby
Edward T. Oglesby, Bar No. 89158
Oglesby Law Firm P.A.
100 Morgan Keegan Dr.
Little Rock, AR 72202

*Attorney for Defendants*

# EXHIBIT 1

1. The facility chart and all medical records of Gladys E. Hudson in the possession of any of the Defendants that relate to Ms. Hudson's care and treatment during her residency at Lakewood Plaza Nursing Center ("Lakewood Plaza").

2. Any death certificate for Gladys E. Hudson that is in the possession of any of the Defendants.

3. The report of any autopsy performed on Gladys E. Hudson that is in the possession of any of the Defendants.

4. Any medical records in the possession of any of the Defendants that reflect any care and treatment that Gladys E. Hudson received at a hospital during her residency at Lakewood Plaza.

5. All incident and accident reports in the possession of any of the Defendants that were completed relating to Gladys E. Hudson during her residency at Lakewood Plaza.